IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff

    -v-

$8,188 UNITED STATES CURRENCY,

                Defendant

## VERIFIED COMPLAINT FOR FORFEITURE

The United States of America, by its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, Mary Clare Kane, Assistant United States Attorney, of counsel, for its verified complaint herein alleges as follows:

## CAUSE OF ACTION

1.    This is an action *in rem* for the forfeiture of $8,188 United States currency (hereinafter referred to as "defendant currency"), seized from the residence of Damone McNamee, Sr. pursuant to Title 21, United States Code, Section 881(a)(6).

2.    This court has subject matter jurisdiction of this action pursuant to provisions of Title 28, United States Code, Sections 1345 and 1355(a) and *in rem* jurisdiction pursuant to Title 28, United States Code, Sections 1355(b) and 1355(d). Venue is properly premised in the Western District of New York pursuant to Title 28, United States Code, Section 1395 and Title 21, United States Code, Section 881(j).

3. On August 18, 2020, the New York State Police ("NYSP") Special Operations Response Team ("SORT") assisted by the Drug Enforcement Administration ("DEA"), did seize the defendant currency from McNamee's residence located at 294 South Ogden Street, Buffalo, New York. The defendant currency was seized upon the basis that it was furnished, or intended to be furnished, in exchange for a controlled substance, as proceeds traceable to exchanges of controlled substances, and/or had otherwise been used or intended to be used to facilitate a violation of Title 21, United States Code, Section 801 *et. seq.* The defendant currency was converted to a check and deposited into an account under the custody of the United States Marshals Service, Buffalo, New York.

### INVESTIGATION AND CRIMINAL CHARGES LODGED

4. As part of a joint investigation conducted by the DEA and NYSP, it was determined that Damone McNamee, Sr., Mark Greaman, Christopher Cook, Brian Ray, and others, were engaged in a conspiracy to traffic fentanyl, heroin, and/or butyryl fentanyl in the Western District of New York.

5. Since October 2019, undercover officers conducted over thirty-five (35) controlled purchases of fentanyl, heroin, and/or butyryl fentanyl from McNamee, Greaman, Cook, and Ray. The majority of these purchases took place in the area of Precisions Barber Shop located at 904 Broadway, Buffalo, New York.

6. Between on or about February 24, 2020, and June 17, 2020, in the Western District of New York ("WDNY"), on approximately six occasions, McNamee sold butyryl fentanyl and/or heroin to an undercover police officer.

7. On or about August 13, 2020, a federal grand jury returned a 38-count Indictment against McNamee, Greaman, Cook, and Ray. McNamee was charged in four counts with narcotics conspiracy, in violation of Title 21, United States Code, Section 846; distribution of butyryl fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2; distribution of butyryl fentanyl and heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and distribution of butyryl fentanyl, heroin and fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). The case is pending before this Court. *See United States v. Greaman, et. al.*, Docket No. 1:20-CR-120-LJV-JJM.

**EXECUTION OF SEARCH WARRANTS**

8. On August 17, 2020, federal search warrants were issued which authorized the search of McNamee's residence at 294 South Ogden Street, Buffalo, New York; Greaman's residence located at 81 Strauss Street, Front Apartment, Buffalo, New York; and Precisions Barber Shop located at 904 Broadway, Buffalo, New York.

9. On August 18, 2020, at approximately 6:00 a.m., the DEA and NYSP entered McNamee's residence at 294 South Ogden Street to execute the search warrant. Law enforcement officers encountered McNamee and three other individuals. After McNamee's identity was confirmed, McNamee was arrested pursuant to the federal arrest warrant issued upon the return of the aforementioned Indictment.

10. During the execution of the search warrant, law enforcement officers seized the following items:

   a. one Diamondback 5.56 round rifle, approximately 190 rounds of ammunition and three magazines located in the closest of the first floor bedroom. Shannon Stokes, one of the individuals present during the execution of the warrant, claimed ownership of the property; and

   b. the defendant currency located in the master bedroom on the second floor, scattered throughout the bedroom.

The currency was seized for forfeiture pursuant to Title 21, United States, Code, Section 881(a)(6).

11. The breakdown of the defendant currency is as follows:

| Number Of Bills | Denomination |
|---|---|
| 8 | $100 |
| 23 | $50 |
| 253 | $20 |
| 59 | $10 |

| | |
|---|---|
| 51 | $5 |
| 333 | $1 |

12.     Based upon training and experience of law enforcement, cash is the almost exclusive medium of exchange for drug dealers.  Further, the abundance of twenty-dollar bills is significant because small denominations (such as twenty-dollar bills) are more commonly used than any other denominations in street level narcotics trafficking.

## McNAMEE's PRIOR CRIMINAL HISTORY

13.     McNamee has a significant arrest and conviction history dating back to 1997 that includes the following drug related arrests and convictions:

a.     On May 31, 2001, McNamee was arrested by the Buffalo Police Department and charged with Criminal Possession of a Controlled Substance in the 3rd Degree, in violation of New York State Penal Law Section 220.16.  On May 11, 2010, McNamee pled guilty in Erie County Court to Criminal Possession of a Controlled Substance in the 3rd Degree.   He was sentenced to a term of imprisonment of three years to nine years.

b.     On March 20, 2003, McNamee was arrested by the Buffalo Police Department and charged with Criminal Possession of a Controlled Substance in the 7th Degree, in violation of New York State Penal Law Section 220.03 and Criminal Possession of Stolen Property in the 5th Degree, in violation of New York State Penal Law Section 165.40.  On April 28, 2003, McNamee pled guilty in Buffalo City Court to Criminal Possession of a

Controlled Substance in the 7th Degree.   He was sentenced to a term of imprisonment of 90 days.

  c. On January 7, 2004, McNamee was arrested by the Buffalo Police Department and charged with Criminal Possession of a Controlled Substance in the 7th Degree, in violation of New York State Penal Law Section 220.03.   On February 19, 2004, McNamee pled guilty in Buffalo City Court to Criminal Possession of a Controlled Substance in the 7th Degree.   He was sentenced to a term of imprisonment of 60 days.

  d. On February 25, 2005, McNamee was arrested by the Buffalo Police Department and charged with Criminal Possession of a Controlled Substance in the 7th Degree, in violation of New York State Penal Law Section 220.03.   On September 23, 2005, McNamee pled guilty in Buffalo City Court to Attempted Criminal Possession of a Controlled Substance in the 7th Degree, in violation of New York State Penal Law Section 110-220.03.   He was sentenced to time served.

  e. On May 19, 2006, McNamee was arrested by the Buffalo Police Department and charged with Criminal Possession of a Controlled Substance in the 7th Degree, in violation of New York State Penal Law Section 220.03; Resisting Arrest, in violation of New York State Penal Law Section 205.30; Obstruct Governmental Administration, in violation of New York State Penal Law Section 195.05; and Vehicle and Traffic charges.   On September 23, 2005, McNamee pled guilty in Buffalo City Court to Attempted Criminal Possession of a Controlled Substance in the 7th Degree, in violation of New York State Penal Law Section 110-220.03.   He was sentenced to time served.

  f. On December 4, 2007, McNamee was arrested by the Buffalo Police Department and charged with Criminal Possession of a Controlled Substance in the 3rd Degree: Intent to Sell, in violation of New York State Penal Law Section 220.09; Criminal Possession of a Narcotic Drug in the 4th Degree, in violation of New York State Penal Law Section 220.09; Escape in the 2nd Degree, in violation of New York State Penal Law Section 205.10; Reckless Endangerment in the 2nd Degree, in violation of New York State Penal Law Section 120.20; Resisting Arrest, in violation of New York State Penal Law Section 205.30; Obstruct Governmental Administration, in violation of New York State Penal Law Section 195.05; False Personation, in violation of New York State Penal Law Section 190.23; and Vehicle and Traffic charges.   On May 2, 2008, McNamee pled guilty in Erie County Court to Reckless Endangerment in the 1st Degree, in violation of New York State Penal Law Section 120.25.   He was sentenced to a term of imprisonment of two years to four years.

  g. On January 9, 2008, McNamee was arrested by the Buffalo Police Department and charged with Criminal Possession of a Controlled Substance in the 5th Degree, in violation of New York State Penal Law Section 220.06.   On May 2, 2008, McNamee pled guilty in Erie County Court to Criminal Possession of a Controlled Substance in the 5th Degree.   He was sentenced to a term of imprisonment of two years and two years post release supervision.

## INITIATION OF CIVIL JUDICAL ACTION

  14. On or about November 17, 2020, Jeremy D. Schwartz, Esq. submitted a claim of ownership on behalf of Damone McNamee to the DEA to halt the administrative forfeiture

proceedings and for institution of a judicial forfeiture action. No supporting documentation was included in the claim. However, McNamee stated in his claim that the currency was obtained from lawful employment.

## CONCLUSION AND REQUEST FOR RELIEF

15. Based upon all of the foregoing facts, the circumstances surrounding these facts, and the experience and training of officers involved, there is cause to believe that the defendant currency was furnished or intended to be furnished in exchange for a controlled substance, is proceeds traceable to exchanges of controlled substances, or was used or intended to be used to facilitate the, sale, receipt, or possession of controlled substances in violation of Title 21, United States Code, Section § 801 *et. seq.*, and the currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the plaintiff requests the following relief:

(1) that an Arrest Warrant *in rem* be issued for the defendant currency;

(2) that all persons having any interest therein be cited to appear herein and show cause why the forfeiture should not be decreed;

(3) that judgment be entered declaring the defendant currency be forfeited and condemned to the United States of America for disposition in accordance with law;

(4) that the costs of this suit be paid to and recovered by the United States of America; and

(5)   that the Court grant such further relief as deemed just and proper.


DATED:   Buffalo, New York, February 9, 2021.

                                        JAMES P. KENNEDY, JR.
                                        United States Attorney


                          BY:   s/MARY CLARE KANE
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        Western District of New York
                                        138 Delaware Avenue
                                        Buffalo, New York    14202
                                        (716) 843-5809
                                        mary.kane@usdoj.gov

STATE OF NEW YORK)
COUNTY OF ERIE    )  ss
CITY OF BUFFALO   )

SCOTT SPRAGUE, being duly sworn, deposes and says:

I am a Task Force Officer with the Drug Enforcement Administration. I am familiar with the forfeiture case against $8,188 United States currency, on behalf of the United States of America. The facts alleged in the Complaint for Forfeiture are true to the best of my knowledge and belief based upon information officially furnished to me by the officials of the United States Department of Justice, the Drug Enforcement Administration and New York State Police.

s/SCOTT SPRAGUE

Subscribed and sworn to before me
this 9th day of February, 2021

s/Cheryl LoTempio
     Notary Public

Cheryl LoTempio
Notary Public, State of New York
Qualified in Erie County
Commission Expires 6/30/2022